PER CURIAM:
Claimants brought this action for vehicle damage which occurred when Claimants’ 2002 Ford pickup truck struck a sign as they were traveling west on 1-64. 1-64 is a public road maintained by Respondent. The Court is of the opinion to malee an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred at approximately 2:00 p.m. on May 18, 2008. Robert Kanthack testified that at the time of the incident, he and his wife, Shirley Kanthack, were traveling on a bridge in a construction zone on 1-64. Strong winds caused a metal directional sign to break off of its stand and blow onto the front end of the Claimants’ truck. Since Mr. Kanthack was driving at approximately fifty-five miles per hour and only one lane of traffic was open at that time, he could not have avoided the sign. As a result, Claimants’ vehicle sustained damage to its brush guard, grill, bug deflector, and front bumper in the amount of $2,164.12. Since Claimants’ insurance deductible was $100.00, Claimants’ recovery is limited to that amount.
The position of the Respondent is that it is not responsible for the damage sustained to Claimants’ vehicle. Charlene Pullen, 1-64 Supervisor for Respondent, testified that Claimants’ incident occurred on 1-64 west near Exit 8 at the location of the 16th Street overpass bridge. She stated that a section of the bridge was closed for replacement. The sign in question was a merge sign, notifying travelers that the two-lane road became a one-lane road in this area. Ms. Pullen stated that a contractor was performing road work in this area, and Respondent was not involved in placing the traffic control sign at this location. Ms. Pullen stated that Respondent did not have notice of this hazard.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). In order to hold Respondent liable for road defects of this type, Claimant must prove that Respondent had actual or constructive notice of the defect and a reasonable amount of time to take corrective action. Pritt v. Dep’t of Highways, 16 Ct. Cl. 8 (1985); Chapman v. Dep’t of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that the sign was not adequately secured at the time of this incident. See Grange v. Div. of Highways, CC-09-0629. Since a contractor was responsible for the installation of the sign, Respondent may seek indemnity from the contractor for the amount of this claim. Thus, Claimants may make a recovery for the damage to their vehicle.
It is the opinion of the Court of Claims that the Claimants should be awarded the sum of $100.00.
Award of $100.00.